

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOT PARKASH SINGH,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL
DETENTION FACILITY, et al.,

Respondents.

Case No.:  3:26-cv-00557-CAB-BLM

**ORDER TO RESPOND**

Petitioner Jot Parkash Singh ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition"),] and a motion for temporary restraining order, [Doc. No. 2 ("TRO")].  Petitioner claims prolonged detention by Immigration and Customs Enforcement ("ICE") since December 2025 in violation of the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment.  [Petition at 11–14.]

Having reviewed the petition, the Court finds summary dismissal is unwarranted at this time.  *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").  Therefore, the Court will order a response to the Petition.

1

Turning to the TRO, Petitioner requests that the Court "order Respondents to cease any ongoing action and refrain from taking any additional actions toward effectuating Petitioner's removal from the United States, until the Court has adjudicated his petition and complaint." [TRO at 2.] While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same); Fed. R. Civ. P. 65(b). This is particularly true here where Petitioner's motion for TRO concludes without any supporting evidence that Respondents "seek to remove Petitioner . . . without affording him the procedural protections guaranteed by the Fifth Amendment" or that he "continues to face an imminent threat of removal." [TRO at 2.]

The Court instead provides notice to the parties that it intends to consolidate the TRO with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice"). Accordingly, the Court **ORDERS** as follows:

1.    Respondents shall file a response by **February 6, 2026**. The response must address the allegations in the Petition and the motion for TRO and must include any documents relevant to the determination of the issues raised.

2.    Petitioner may file a reply by **February 10, 2026**.

3.    To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with

3:26-cv-00557-CAB-BLM

Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1]

4.    The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this Order.

It is **SO ORDERED**.

Dated: January 30, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).